UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE STATE LIFE INSURANCE COMPANY,<br>               Plaintiff,<br><br>    v.<br><br>SHARON O'ROURKE and KATHLEEN O'ROURKE,<br>               Defendants. | CIVIL ACTION<br><br>NO.: |

## INTERPLEADER COMPLAINT

The State Life Insurance Company ("State Life") files this Interpleader Complaint and avers as follows:

## **JURISDICTION**

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

2. There is complete diversity between the parties pursuant to 28 U.S.C. §1332.

3. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000.00, exclusive of interest and costs, was satisfied at the time of the filing of this action, and is still satisfied.

## **VENUE**

4. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because one or more of the defendants resides in this district and because a substantial part of the events giving rise to this claim occurred within this district.

1

## PARTIES

5. State Life is an insurance company existing under the laws of the state of Indiana, and its principal place of business is located in Marion County, Indiana at One American Square, P.O. Box 368. Indianapolis, Indiana 46206-0368.

6. Sharon O'Rourke is an individial who, upon information and belief resides and is domiciled in Sussex, New Jersey (Sussex County).

7. Kathleen O'Rourke is an individual who, upon information and belief resides and is domiciled in Manahawkin, New Jersey (Ocean County).

## FACTUAL ALLEGATIONS

### The Policy

8. State Life delivered a 20-year term life insurance policy (the "Policy") to Franke O'Rourke ("Decedent") in the amount of $700,000.00 on or about November 24, 2003.

9. Decedent cancelled and converted a total of $200,000.00 of the Policy coverage to American United Life Insurance Company policy number 0720415460, leaving a total of $500,000.00 in coverage under the Policy.

10. Decedent then cancelled and converted an additional $300,000.00 of the Policy coverage to American United Life Insurance Company policy number 0720683510, leaving a total of $200,000.00 in coverage under the Policy.

11. Decedent died on February 13, 2022, with a total of $200,000.00 in coverage under the Policy.

12. Upon notification of his death, the full value of policy numbers 072041540 and 0720683510 was paid in accordance with the corresponding, uncontested beneficiary designations.

13. Due to competing claims that have put State Life at risk of multiple liabilities, nothing has been paid under the Policy, and as of the date of this filing, the value of the Policy is $200,149.32.

## The Competing Claims

14. In 2003, when Decedent applied for coverage, he designated his wife, Sharon O'Rourke as his primary beneficiary. A true and correct copy of the 2003 beneficiary designation is attached hereto as **Exhibit A**.

15. On December 18, 2006, the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County entered a Final Judgment of Divorce in *Francis X. O'Rourke v. Sharon A. O'Rourke*, Civil Action No. FM-19-20-07 (the "Family Court Lawsuit"), dissolving the marriage between Sharon O'Rourke and Decedent. A true and correct copy of the Final Judgment of Divorce is attached as **Exhibit B**.

16. Pursuant to the Final Judgment of Divorce:

Life Insurance – Frank

Frank agrees to maintain a Life Insurance policy in the face amount of $300,000.00, naming Sharon O'Rourke as the first beneficiary and son James O'Rourke as the second beneficiary for as long as the husband's alimony exists. Proof of said policy is to be furnished and payment to maintain this policy is at the sole expense of Frank.

See Exhibit B, p. 2.

17. On September 14, 2011, Decedent updated his beneficiary designation for the Policy, identifying Kathleen O'Rourke as his wife and first beneficiary with a 58% interest in the Policy and identifying Sharon O'Rourke as his ex-wife and first beneficiary with a 42% interest in the Policy. A true and correct copy of the September 14, 2011 beneficiary designation is attached as **Exhibit C**.

18. On or about April 25, 2019, an Order was entered in the Family Court Lawsuit, granting Sharon O'Rourke's "request that this Court find plaintiff in violation of litigant's rights for failure to pay the alimony as set forth in the September 27, 2018 Order and the parties' Judgment of Divorce". A true and correct copy of the April 25, 2019 Order is attached as **Exhibit D**.

19. The April 25, 2019 Order states, in part:

> 6. Defendant's request that this Court direct Plaintiff to immediately provide proof of existing life insurance, which he purports to be in the amount of $200,000.00, with a term expiring in 2023, and with defendant listed as beneficiary, is **Granted in part**: plaintiff is to furnish proof of life insurance policy within ten (10) days of this Order.

See Exhibit D (emphasis in original).

20. On May 8, 2019, Mr. O'Rourke changed his beneficiary designation under the Policy, identifying Sharon O'Rourke as his first primary beneficiary, 100%. A true and correct copy of the May 8, 2019 Beneficiary Designation is attached as **Exhibit E**.

21. On or about July 25, 2019, an Order was entered in the Family Court Lawsuit, terminating Mr. O'Rourke's alimony obligations contingent upon certain requirements, including but not limited to:

> 3. As additional consideration for the terms of this agreement, Plaintiff shall designate Defendant as beneficiary in the amount of $75,000 on the American United Life, whole life insurance policy #0720415460, insuring his life, until Plaintiff's death.

A true and correct copy of the July 25, 2019 Order is attahed as **Exhibit F**.

22. Under cover of letter dated September 26, 2019, William Chesney, as counsel for Kathleen O'Rourke, submitted (among other documents), a "Timeline of Events Surrounding O'Rourke Term Insurance Policy", in which it is written:

> In early May I spoke with Kathleen and attorney's of both parties that 75k of one of the policies was to be moved to ex wife being beneficiary with Kathleen being beneficiary of the balance. At that time there were 3 policies, 1 term and 2 whole

> life's. Problem was even though Frank's health was deteriorating a little, the term was set to expire in 2023. So initially, Frank who because of his deteriorating health was also litigating against his former partners that they had withheld a substantial sum, sent in a form that goes against was his intentions were and against what the legal docs say. The confusion was that the 75k mentioned in the later document was supported to be 100% of the 75k. Which is with the April court doc says granted in part in bold.

A true and correct copy of Mr. Chesney's statement is attached as **Exhibit G**[typographical errors in original].

23. On April 12, 2022, counsel for Sharon O'Rourke wrote, in relevant part, regarding policy number 0009343320:

> There is nothing in either the Judgment of Divorce or the post-judgment consent order that limits my client from receiving any additional proceeds from any life insurance policies owned by her ex-husband. The order reflects that he was to provide a minimum amount of $75,000 worth of life insurance for my client's benefit. I have reviewed the papers my client provided to me and it appears that she has received the payment from one policy (#0720683510) but she has not received any further payments. It appears frim the papers I have that Mr. O'Rourke designated his ex-wife as beneficiary for the policy referenced herein above as well. Unless you have some proofs otherwise, this is a contractual obligation between your company and the deceased. My client will be filing a claim for this policy tomorrow.

A true and correct copy of counsel's April 12, 2022 correspondence is attached as **Exhibit H**.

24. By email dated April 19, 2022, Mr. Chesney wrote again, stating in part: [Kathleen O'Rourke] is prepared to fight this as she should. Her husbands intent was never to leave anything more to the ex than what was required". A true and correct copy of Mr. Chesney's April 19, 2022 email is attached as **Exhibit I**.

25. On April 21, 2022, State Life sent identical letters to Sharon O'Rourke and Kathleen O'Rourke, advising the claimants of its intent to Interplead the funds owed under the Policy if the parties were not able to resolve their dispute amicably. True and correct copies of the April 21, 2022 letters are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

26. To date, the parties have not resolved their dispute and their competing claims have put State Life at risk of multiple liabilities for the proceeds payable under the policy.

## COUNT I

## INTERPLEADER ACTION PURSUANT TO F.R.C.P. 22

27. State Life incorporates the preceding paragraphs of this Interpleader Complaint as if the same were set forth herein at length.

28. Rule 22 of the Federal Rules of Civil Procedure permits an action for interpleader if the Plaintiff is exposed to double or multiple liability as a result of competing claims.

29. The claims of Sharon O'Rourke and Kathleen O'Rourke are in conflict.

30. State Life is unable to determine the proper beneficiary under the policy and is at risk of multiple liabilities due to the defendants' competing claims.

31. State Life is an innocent entity and has in no way colluded with any of the claimants.

32. State Life claims no interest in the benefits due, excepting only reasonable fees and costs requested below.

33. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person.

**WHEREFORE**, State Life Insurance Company respectfully requests that this Court enter an Order:

>(a) directing The State Life Insurance Company to deposit the life insurance proceeds due under the Policy in the amount of $200,149.32 into the registry of this Court, until the issue of entitlement to the life insurance proceeds is adjudicated;

>(b) discharging The State Life Insurance Company from any and all liability related to the life insurance proceeds due under the policy, except to those persons to whom this Court shall adjudge entitled to the benefit;

(c) enjoining any parties, named or unnamed, from initiating any action against The State Life Insurance Company regarding the life insurance proceeds due under the policy;

(d) awarding to The State Life Insurance Company its reasonable fees and costs in connection with this action; and

(e) any other relief that this Court deems equitable and just.

                                  Respectfully submitted,

                                  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

BY:   *s/Heather J. Austin*
        Heather J. Austin, Esquire
        Two Commerce Square
        2001 Market Street, Suite 3100
        Philadelphia, PA 19103
        Telephone: 215.627.6900 (Main)
        Telephone: 215.606.3904 (Direct)
        Facsimile: 215.627.2665
        heather.austin@wilsonelser.com

        ***Attorneys for The State Life Insurance Company***

Date: June 10, 2022